WILLIAMS, appellant, v. WILLIAMS.

*False imprisonment—warrant to confine lunatic—accessories to arrest.*

A was arrested as a lunatic on a warrant issued by two police justices of the city of Albany, upon the application of B, and upon the evidence of B and another, physicians of Albany county. The warrant described the person to be arrested as A "of Knox," and was directed to the overseer of the poor of the city of Albany, or to any policeman thereof, and one of the justices, in writing, authorized C, of the town of Knox, a constable, to execute the warrant. In an action by A against D and E for false imprisonment, *held*, (1) that the warrant showed sufficient on its face to establish the jurisdiction of the justices by whom it was issued, as the statement in the warrant that A was of the town "of Knox" was a mere description of the person, which did not contradict the fact that he was in Albany when the warrant was issued; (2) that the fact that D made the complaint and handed the warrant to the officer would not make him liable in this action; and (3) that the fact that E hired his team to the constable and drove the constable and A to the asylum without otherwise participating in the arrest, did not render him liable in this action.

APPEAL by plaintiff from a judgment dismissing the complaint. The action was brought by James Williams against William Wil-

liams and James Armstrong to recover damages for false imprison-
ment, and tried at the Albany circuit in 1873. The plaintiff was
arrested on a warrant issued by two of the police justices of
the city of Albany upon the application of Barent P. Staats, and
after a full hearing, on the evidence of said Staats and one Crounse,
two respectable physicians of Albany county, as a lunatic under the
statute. The warrant described plaintiff as "James Annis Wil-
liams of Knox," and was directed to the overseer of the poor of the
city of Albany, and to any policeman of said city, etc., and one of
said justices, in writing, authorized Charles Gage, of the town of
Knox, to execute the warrant. It appeared upon the trial that the
defendant Williams made a complaint to the justices that the
plaintiff was insane, and Armstrong, at the request of the consta-
ble, conveyed the officer and the plaintiff to the Albany county
lunatic asylum, where the plaintiff was detained until discharged
by the physician there.

Upon the trial the warrant was offered in evidence and received,
the plaintiff having excepted. The defendants' counsel moved to
dismiss the complaint and the motion was granted, to which excep-
tion was taken.

*Bennett & Hamlin*, for appellant.

*George Downing* and *J. H. Clute*, for respondents.

MILLER, P. J. The judge was clearly right in admitting the
warrant as evidence. The warrant showed sufficient upon its face
to establish jurisdiction in favor of the officers by whom it was
issued. Every intendment is in favor of the jurisdiction of the
magistrate, and the fact appearing that it was issued in the city of
Albany by magistrates who resided there, it is to be presumed that
the lunatic was there at the time the warrant was issued. It may
be assumed that this proof was furnished and a case made out
within the statute. 1 R. S. 634, § 4; Laws 1842, chap. 135, § 22. The
statement in the warrant that the lunatic was of the town of Knox
was a mere description of the person, which did not contradict the
fact that he was in Albany when the warrant was issued. As every
presumption is in favor of an officer, he would not be bound to go
beyond the warrant when regular upon its face.

Nor was there any error in dismissing the complaint. As to the

defendant Williams, he made the complaint, as he had a perfect right to do, and this alone and of itself would not render him liable; and, as was remarked by the judge upon the trial, when the offer was made to prove that he handed the warrant to the officer making the arrest, that would not change the matter, as the warrant was presumably regular.

As to the other defendant Armstrong, he hired his team to the constable and drove him and the plaintiff to the asylum without in any way aiding in the arrest or participating in it actively or otherwise than driving the team. He was not, therefore, a party to the arrest, any more than a driver of a stage or the conductor of a railroad would be for allowing a constable to take his prisoner and travel with him to a place of destination.

As the defendants were not liable, it is not important to consider whether the constable was duly authorized to serve the warrant. It may be remarked that no such question was raised upon the trial as an objection to the warrant introduced or otherwise. There was nothing for the jury to pass upon, and the case was rightly disposed of at the circuit.

A new trial must, therefore, be denied and the judgment affirmed, with costs.

*Judgment affirmed.*